## CITY OF MIAMI v. MARKO.

No. 6256.

Circuit Court, Dade County, Criminal Appeal.

August 11 and October 30, 1967.

Oscar A. White, Miami, for appellant.

Jack R. Rice, Jr., City Attorney, William M. Porter, Assistant City Attorney, for appellee.

HAROLD R. VANN, Circuit Judge.

*Order, August 11, 1967:* This is an appeal from the Miami municipal court wherein the defendant was convicted and sentenced to a term of 60 days in jail plus a $500 fine on a charge of petty larceny for having stolen a $2.98 ball point pen. The defendant filed a motion for a new trial on the grounds that he was not afforded an opportunity to seek counsel and that he was not able to understand the proceedings because he did not know how to speak the English language nor did he understand it.

After hearing oral argument for the defendant and for the city and there being no transcript of record of the proceedings, the court was able to learn from counsel for the city that the lower court did not have an interpreter throughout these proceedings but instead he, as city prosecutor, interpreted as best he could for the defendant.

The premises considered, the court is under the impression that the time elapsed between the arrest and trial was not sufficient to afford defendant time to seek counsel to represent him;

and that the lower court did not have an interpreter other than its own city attorney who should not have acted as an interpreter and prosecutor at the same time.

It is ordered and adjudged that this cause be reversed and remanded for a new trial.

*Corrective order, October 30, 1967:* The court's order dated August 11, 1967 was subject to misinterpretation in that it appears that there was an implication that the assistant city attorney who acted as interpreter was not qualified to do so.

This corrective order is intended to clarify this interpretation in that the court has no doubt as to the impartiality of the assistant city attorney, but believes as a matter of principle that a trial court should not use a prosecuting officer as an interpreter, regardless of his ability.